08-0360-ag(L), 08-2716-ag(Con)
Aragon De La Cruz v. Holder

BIA
Straus, IJ
A72 521 870

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand ten.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges,*

———————————————————————————————

DAVID SALVADOR ARAGON DE LA CRUZ,
> *Petitioner,*

v.                                                                No. 08-0360-ag(L)
                                                                  No. 08-2716-ag(Con)

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

———————————

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:      JON E. JESSEN (Stuart Goldberg), Law Office of Jon E. Jessen, LLC, Stamford, CT

FOR RESPONDENT:      STUART NICKUM (Jennifer Paisner Williams, Senior Litigation Counsel, Ana T. Zablah-Monroe, Trial Attorney), Office of Immigration Litigation, for Gregory G. Katsas, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

Appeal from the Board of Immigration Appeals

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review from the BIA's decision on appeal (Docket No. 08-0360-ag(L)) is **GRANTED.** Both orders of the Board of Immigrations Appeals are **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this order.

Petitioner David Salvador Aragon De La Cruz, a native and citizen of Guatemala, seeks review of a decision of the BIA dated December 20, 2007, adopting and affirming the decision of Immigration Judge Michael Straus ("IJ"), denying Petitioner's request for Cancellation of Removal and ordering Petitioner's removal to Guatemala. *In re David Salvador Aragon De La Cruz*, No. A72 521 870 (B.I.A. Dec. 20, 2007), *aff'g* No. A72 521 870 (Immig. Ct. Hartford, CT June 9, 2006). Petitioner additionally seeks review of a subsequent BIA decision denying his Motion to Reopen. *In re David Salvador Aragon De La Cruz*, No. A72 521 870 (B.I.A. May 28, 2008). We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

The IJ, finding that Petitioner demonstrated the requisite physical presence and good moral character required of section 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1), based his denial of Petitioner's application for cancellation of removal instead on the fact that Petitioner could not meet his burden of proof that his removal would

2

result in exceptional and extremely unusual hardship to his U.S. citizen daughter Leslie Samantha Aragon Hernandez ("Leslie").[2]

We begin our discussion by noting that the determination of our jurisdiction is exclusively ours to decide. *See Mugalli v. Ashcroft*, 258 F.3d 52, 55 (2d Cir. 2001). This Court generally lacks jurisdiction to review discretionary decisions such as the denial of a waiver of removal under section 212(i) of the INA. 8 U.S.C. § 1182(a)(9)(B)(v) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissibility] under [8 U.S.C. § 1182(a)(9)(B)(v)]."). However, this Court has also stated that "the determination of whether exceptional and extremely unusual hardship is present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard, or rests on fact-finding which is flawed by an error of law." *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (quoting *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008)). We acknowledged in *Mendez* that "the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy, but where . . . some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred." *Id.* at 323.

_____

[2]Petitioner's daughter is referred to as "Leslie Samantha Aragon Hernandez" by Petitioner and "Leslie Samantha Aragon Mejia" by Respondent. The Court will use the former name as that is her name on her birth certificate.

In his appeal to the BIA, Petitioner argued that the IJ did not consider that Blanca Mehija ("Ms. Mehija"),[3] his partner at the time (now wife) and mother of Leslie, was from El Salvador and had Temporary Protected Status ("TPS") under Section 244(a)(1)(A) of the INA, 8 U.S.C. §1254a(a)(1)(A).  Thus, according to Petitioner, were he returned to Guatemala, there would be questions about where Leslie would live and whether the family could ever be reunited if and when Ms. Mehija's status expired.

Petitioner did not specifically raise these questions during his testimony before the IJ, focusing instead on the emotional and financial hardships that would result were he separated from his daughter.  However, in his memorandum in support of his application for removal, submitted to the IJ prior to the hearing, Petitioner argued that Leslie "could face discrimination, oppression, beatings and possibly an early death if required to move to either of her parent's native countries" and therefore would experience "extreme and unusual hardship."  In support of that argument, Petitioner cited the Amnesty International Annual Report for both Guatemala and El Salvador, copies of which he submitted as exhibits along with the memorandum.  Petitioner further emphasized that if he is removed from the United States, "Leslie will experience even greater hardship when her mother is required to return to El Salvador forcing Leslie to emigrate."

The IJ heard testimony and found that despite the "certainly significant" hardship of Petitioner being separated from his daughter, the evidence did not establish that it would be "substantially beyond hardship that is ordinarily expected to result from an alien's deportation."

---

[3]Ms. Mehija is referred to, and her name is spelled, several different ways in the record. For example, on Leslie's birth certificate, her name appears as "Blanca Rubia Hernandez"; on her federal and state tax returns, her name appears as "Blanca Mejia"; in the IJ's oral decision and the hearing transcript, she appears as "Blanca Mehija" and "Blanca Hernandez Mehija"; and in Respondent's brief, she appears as "Blanca Hernandez Mejia."  In order to be consistent with the IJ's oral decision, this Court will refer to her as Blanca Mehija.

The IJ did not mention Ms. Mehija's TPS status in the "Analysis and Findings" section of the oral decision, stating that if petitioner were removed to Guatemala then "Leslie would remain with her mother in the United States." In the "Statement of the Facts," however, the IJ did note Ms. Mehija's TPS status, and also mentioned that Petitioner "provided some background materials regarding human rights in Guatemala and El Salvador," including a report on El Salvador noting "serious problems with gangs and crime; an increase in women murdered."

The BIA ruled that because the burden of proof is on the alien to show eligibility for relief, *see* 8 U.S.C. § 1229a(c)(4)(A), the IJ did not err in focusing his decision on facts relating to the daughter remaining in the United States. Petitioner, according to the BIA, "should have affirmatively raised his concern [about TPS status] during the hearing, and submitted supporting evidence." Moreover, the BIA stated, Petitioner "should have affirmatively presented evidence about . . . conditions in El Salvador if his claim was that his daughter would end up living there because of his removal."

"[W]here, as here, some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred." *Mendez,* 566 F.3d at 323. The BIA stated that Petitioner should have presented evidence about country conditions in El Salvador, but the record reflects that Petitioner did present such evidence. Moreover, the BIA nowhere mentions that Petitioner raised his TPS argument, albeit imprecisely, in his brief to the IJ.

Therefore the BIA committed an error of law that we have jurisdiction to review. On review, we vacate the decision of the BIA and remand for further proceedings. Having vacated and remanded the original decision of the BIA, we also vacate that portion of the BIA's order

denying the Petitioner's motion to re-open insofar as the BIA's order states that Petitioner "has not demonstrated *prima facie* eligibility for cancellation of removal." Accordingly, we also remand the motion to re-open for further consideration.

For the foregoing reasons, the petition for review of the BIA order denying Petitioner's appeal (Docket No. 08-0360-ag(L)), is hereby **GRANTED**, both orders of the BIA are **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6